IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| DONALD FERGUSON,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES DISTRICT COURT, JACK D. SHANSTROM, PATRICK E. DUFFY, and RYAN M. ARCHER,<br><br>Defendants. | Cause No. CV 09-00070-BLG-RFC-CSO<br><br><br>FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |

Pending is Plaintiff Donald Ferguson's Complaint and "Counterclaim for Trespass and Trespass on the Case." (Court's Doc. No. 1). Ferguson has only named individuals entitled to immunity and he seeks to challenge his criminal conviction. Therefore, his claims are recommended for dismissal.

The Court may dismiss a complaint if federal subject matter jurisdiction is lacking, or if the complaint is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  See Fed.R.Civ.P. 12(h)(3), 28 U.S.C. § 1915(e)(2); Franklin v. Murphy, 745 F.2d 1221, 1227 n. 6 (9th Cir. 1984) ("A paid complaint that is 'obviously frivolous' does not confer subject matter jurisdiction, and may be dismissed sua sponte before service of process." (citations omitted)).

In this case Ferguson seeks monetary relief from defendants who are entitled to immunity under well-established law.  First, judges are absolutely immune, under the doctrine of judicial immunity, for acts performed in their judicial capacities.  Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 435 & n. 10, 113 S.Ct. 2167, 124 L.Ed.2d 391 (1993); Mireles v. Waco, 502 U.S. 9, 9, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991) (per curiam); Stump v. Sparkman, 435 U.S. 349, 357-60, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc).  Because Judge Shanstrom is being sued for acts performed in his judicial capacity, he is entitled to judicial immunity.

FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE –
CV-09-00070-BLG-RFC-CSO / PAGE 2

Ferguson's allegation that all Defendants exceeded their jurisdiction is insufficient to defeat judicial immunity.  The "clear absence of all jurisdiction" exception to the doctrine of judicial immunity means a clear lack of all subject matter jurisdiction.  Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 351-52, 20 L.Ed. 646 (1872); see also Rankin v. Howard, 633 F.2d 844, 848-49 (9th Cir. 1980) ("a judge who acts in the clear and complete absence of personal jurisdiction loses his judicial immunity"), cert. denied, 451 U.S. 939, 101 S.Ct. 2020, 68 L.Ed.2d 326 (1981); O'Neil v. City of Lake Oswego, 642 F.2d 367, 369 (9th Cir. 1981) (holding that a judge who convicted defendant for contempt, an act within the court's jurisdiction, but without the affidavit required by statute to confer jurisdiction over the offense charged was still entitled to immunity; his act was merely in excess of his jurisdiction).   There is no plausible contention that Judge Shanstrom lacked subject matter over Ferguson's criminal proceedings.

Judicial immunity extends to suits against federal judges for actions taken in their official capacity for both declaratory and injunctive relief.  See Mullis v. U.S. Bankr.for Dist. of Nev., 828 F.2d

1385 (9th Cir. 1987) (discussing judicial immunity from suit for declaratory relief for judicial acts).  In Mullis, the court stated:

> There is no need to carve out an exception to judicial immunity to permit declaratory and injunctive relief against federal officers.  Should a federal judge . . . violate a litigant's constitutional rights in a proceeding pending in federal court, Congress has provided carefully structured procedures for taking appeals . . ..  To allow an action for declaratory and injunctive relief against federal officers who would be entitled to judicial immunity from damages merely engenders unnecessary conduction and multiplicity of litigation.

Mullis, 828 F.2d at 1394

Similarly, Patrick Duffy as the Clerk of Court is absolutely immune from suit in his individual capacity under the doctrine of quasi-judicial immunity.  Mullis, 828 F.2d at 1390.  "Court clerks have absolute quasi-judicial immunity for damages for civil rights violations when they perform tasks that are an integral part of the judicial process."  Mullis, 828 F.2d at 1390.  Ferguson's allegations against Duffy arise out of the filing of documents in the court record, tasks which are an integral part of the judicial process.  Therefore, Mr. Duffy is immune from suit.

Finally, Assistant United States Attorney Ryan Archer is also

entitled to absolute immunity from liability for all activities "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430 (1976). Specifically, "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." Imbler, 424 U.S. at 431. Absolute immunity protects a prosecutor's activities unless the prosecutor steps outside his or her role as an advocate. See Kalina v. Fletcher, 522 U.S. 118, 129 (1997). Ferguson's allegations against Archer stem from his activities intimately associated with the judicial phase of the criminal process. Nothing in Ferguson's allegations suggests Archer stepped out of his role an Assistant United States Attorney. See Kalina, 522 U.S. 118; Imbler, 424 U.S. at 430.

    The United States Supreme Court has explained that absolute immunity is recognized for functions "intimately associated with the judicial phase of the criminal process." Imbler, 424 U.S. at 430. This is not "from an exaggerated esteem for those who perform these functions, and certainly not from a desire to shield abuses of office, but because any lesser degree of immunity could impair the judicial process itself."

Malley v. Briggs, 475 U.S. 335, 342 (1986).

Lastly, Ferguson's Complaint is barred by the doctrine set forth in Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). In that case, the United States Supreme Court held that "in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal," or otherwise declared invalid, called into question by the issuance of a habeas writ, or expunged. Heck, 512 U.S. at 486-87. Because Defendants here were all acting under color of federal law, not state law, the constitutional violations alleged in the complaint fall under Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) and not 42 U.S.C. § 1983. Regardless, the rationale of Heck applies equally to Bivens actions. Martin v. Sias, 88 F.3d 774, 775 (9th Cir. 1996) (dismissing as frivolous a Bivens action alleging that a probation officer acted outside his authority where judgment in favor of prisoner would necessarily imply invalidity of his

sentence).

According to the docket in his criminal case, Ferguson was found guilty by a jury on April 1, 2009. (Criminal Action No. 08-CR-107-BLG-JDS, Document 62). His sentencing is scheduled for July 1, 2009. Therefore, Ferguson's conviction has not been reversed, declared invalid, expunged, or called into question. Thus, he has failed to state a claim upon which relief may be granted. This is not a defect which could be cured by amendment. Accordingly, Ferguson's Complaint should be dismissed.

Based upon the foregoing, the Court issues the following:

RECOMMENDATION

1. Ferguson's Complaint (Court's Doc. No. 1) should be DISMISSED. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. At all times during the pendency of this action, Ferguson SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF

CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Ferguson may serve and file written objections to this Findings and Recommendation within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."

A district judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendation. Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. Martinez v.

Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED this 22nd day of June, 2009.

                                       /s/ *Carolyn Ostby*
                                       Carolyn S. Ostby
                                       United States Magistrate Judge