Exhibit A

U.S. District Court - District of Montana

i

---

Donald Keith Ferguson
292 Lower River Rd.
Fromberg, MT 59029

---

Case: 1:09-cv-00070  #3
11 pages.
Mon Jun 22 14:41:11 2009

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| DONALD FERGUSON,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES DISTRICT COURT, JACK D. SHANSTROM, PATRICK E. DUFFY, and RYAN M. ARCHER,<br><br>Defendants. | Cause No. CV 09-00070-BLG-RFC-CSO<br><br>FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |

Pending is Plaintiff Donald Ferguson's Complaint and "Counterclaim for Trespass and Trespass on the Case." (Court's Doc. No. 1). Ferguson has only named individuals entitled to immunity and he seeks to challenge his criminal conviction. Therefore, his claims are recommended for dismissal.

The Court may dismiss a complaint if federal subject matter jurisdiction is lacking, or if the complaint is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See Fed.R.Civ.P. 12(h)(3), 28 U.S.C. § 1915(e)(2); Franklin v. Murphy, 745 F.2d 1221, 1227 n. 6 (9th Cir. 1984) ("A paid complaint that is 'obviously frivolous' does not confer subject matter jurisdiction, and may be dismissed sua sponte before service of process." (citations omitted)).

In this case Ferguson seeks monetary relief from defendants who are entitled to immunity under well-established law. First, judges are absolutely immune, under the doctrine of judicial immunity, for acts performed in their judicial capacities. Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 435 & n. 10, 113 S.Ct. 2167, 124 L.Ed.2d 391 (1993); Mireles v. Waco, 502 U.S. 9, 9, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991) (per curiam); Stump v. Sparkman, 435 U.S. 349, 357-60, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc). Because Judge Shanstrom is being sued for acts performed in his judicial capacity, he is entitled to judicial immunity.

Ferguson's allegation that all Defendants exceeded their jurisdiction is insufficient to defeat judicial immunity. The "clear absence of all jurisdiction" exception to the doctrine of judicial immunity means a clear lack of all subject matter jurisdiction. Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 351-52, 20 L.Ed. 646 (1872); see also Rankin v. Howard, 633 F.2d 844, 848-49 (9th Cir. 1980) ("a judge who acts in the clear and complete absence of personal jurisdiction loses his judicial immunity"), cert. denied, 451 U.S. 939, 101 S.Ct. 2020, 68 L.Ed.2d 326 (1981); O'Neil v. City of Lake Oswego, 642 F.2d 367, 369 (9th Cir. 1981) (holding that a judge who convicted defendant for contempt, an act within the court's jurisdiction, but without the affidavit required by statute to confer jurisdiction over the offense charged was still entitled to immunity; his act was merely in excess of his jurisdiction). There is no plausible contention that Judge Shanstrom lacked subject matter over Ferguson's criminal proceedings.

Judicial immunity extends to suits against federal judges for actions taken in their official capacity for both declaratory and injunctive relief. See Mullis v. U.S. Bankr.for Dist. of Nev., 828 F.2d

FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE —
CV-09-00070-BLG-RFC-CSO / PAGE 3

Ferguson's allegation that all Defendants exceeded their jurisdiction is insufficient to defeat judicial immunity. The "clear absence of all jurisdiction" exception to the doctrine of judicial immunity means a clear lack of all subject matter jurisdiction. Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 351-52, 20 L.Ed. 646 (1872); see also Rankin v. Howard, 633 F.2d 844, 848-49 (9th Cir. 1980) ("a judge who acts in the clear and complete absence of personal jurisdiction loses his judicial immunity"), cert. denied, 451 U.S. 939, 101 S.Ct. 2020, 68 L.Ed.2d 326 (1981); O'Neil v. City of Lake Oswego, 642 F.2d 367, 369 (9th Cir. 1981) (holding that a judge who convicted defendant for contempt, an act within the court's jurisdiction, but without the affidavit required by statute to confer jurisdiction over the offense charged was still entitled to immunity; his act was merely in excess of his jurisdiction). There is no plausible contention that Judge Shanstrom lacked subject matter over Ferguson's criminal proceedings.

Judicial immunity extends to suits against federal judges for actions taken in their official capacity for both declaratory and injunctive relief. See Mullis v. U.S. Bankr.for Dist. of Nev., 828 F.2d

1385 (9th Cir. 1987) (discussing judicial immunity from suit for declaratory relief for judicial acts). In Mullis, the court stated:

> There is no need to carve out an exception to judicial immunity to permit declaratory and injunctive relief against federal officers. Should a federal judge . . . violate a litigant's constitutional rights in a proceeding pending in federal court, Congress has provided carefully structured procedures for taking appeals . . . . To allow an action for declaratory and injunctive relief against federal officers who would be entitled to judicial immunity from damages merely engenders unnecessary conduction and multiplicity of litigation.

Mullis, 828 F.2d at 1394

Similarly, Patrick Duffy as the Clerk of Court is absolutely immune from suit in his individual capacity under the doctrine of quasi-judicial immunity. Mullis, 828 F.2d at 1390. "Court clerks have absolute quasi-judicial immunity for damages for civil rights violations when they perform tasks that are an integral part of the judicial process." Mullis, 828 F.2d at 1390. Ferguson's allegations against Duffy arise out of the filing of documents in the court record, tasks which are an integral part of the judicial process. Therefore, Mr. Duffy is immune from suit.

Finally, Assistant United States Attorney Ryan Archer is also

entitled to absolute immunity from liability for all activities "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430 (1976). Specifically, "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." Imbler, 424 U.S. at 431. Absolute immunity protects a prosecutor's activities unless the prosecutor steps outside his or her role as an advocate. See Kalina v. Fletcher, 522 U.S. 118, 129 (1997). Ferguson's allegations against Archer stem from his activities intimately associated with the judicial phase of the criminal process. Nothing in Ferguson's allegations suggests Archer stepped out of his role an Assistant United States Attorney. See Kalina, 522 U.S. 118; Imbler, 424 U.S. at 430.

The United States Supreme Court has explained that absolute immunity is recognized for functions "intimately associated with the judicial phase of the criminal process." Imbler, 424 U.S. at 430. This is not "from an exaggerated esteem for those who perform these functions, and certainly not from a desire to shield abuses of office, but because any lesser degree of immunity could impair the judicial process itself."

Malley v. Briggs, 475 U.S. 335, 342 (1986).

Lastly, Ferguson's Complaint is barred by the doctrine set forth in Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). In that case, the United States Supreme Court held that "in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal," or otherwise declared invalid, called into question by the issuance of a habeas writ, or expunged. Heck, 512 U.S. at 486-87. Because Defendants here were all acting under color of federal law, not state law, the constitutional violations alleged in the complaint fall under Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) and not 42 U.S.C. § 1983. Regardless, the rationale of Heck applies equally to Bivens actions. Martin v. Sias, 88 F.3d 774, 775 (9th Cir. 1996) (dismissing as frivolous a Bivens action alleging that a probation officer acted outside his authority where judgment in favor of prisoner would necessarily imply invalidity of his

sentence).

According to the docket in his criminal case, Ferguson was found guilty by a jury on April 1, 2009. (Criminal Action No. 08-CR-107-BLG-JDS, Document 62). His sentencing is scheduled for July 1, 2009. Therefore, Ferguson's conviction has not been reversed, declared invalid, expunged, or called into question. Thus, he has failed to state a claim upon which relief may be granted. This is not a defect which could be cured by amendment. Accordingly, Ferguson's Complaint should be dismissed.

Based upon the foregoing, the Court issues the following:

### RECOMMENDATION

1. Ferguson's Complaint (Court's Doc. No. 1) should be DISMISSED. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. At all times during the pendency of this action, Ferguson SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF

CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Ferguson may serve and file written objections to this Findings and Recommendation within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."

A district judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendation. Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. Martinez v.

Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED this 22nd day of June, 2009.

/s/ *Carolyn Ostby*
Carolyn S. Ostby
United States Magistrate Judge

*Writ of Error Coram Non Judice.*
*See requirements for a Court of record of one of The people of The Original Jurisdiction proceeding in the Course of The Common law.*

*Witness my hand This 26th day of June, 2009, Donald Keith Fayn*
*Signatory as one of The People*



```
MIME-Version:1.0
From:MTD_CMECF@mtd.uscourts.gov
To:MTD_CMECF@mtd.uscourts.gov
Message-Id:<597232@mtd.uscourts.gov>
Bcc:rfc_filings@mtd.uscourts.gov, cso_filings@mtd.uscourts.gov
Subject:Activity in Case 1:09-cv-00070-RFC-CSO Ferguson v. The United
States District Court et al Findings and Recommendations
Content-Type: text/plain***NOTE TO PUBLIC ACCESS USERS*** Judicial
Conference of the United States policy permits attorneys of record and parties in
a case (including pro se litigants) to receive one free electronic copy of
all documents filed electronically, if receipt is required by law or
directed by the filer. PACER access fees apply to all other users. To avoid
later charges, download a copy of each document during this first viewing.
However, if the referenced document is a transcript, the free copy and 30
page limit do not apply.'U.S. District Court
United States District Court District Of Montana
```

Notice of Electronic Filing
The following transaction was entered on 6/22/2009 2:39 PM MDT and filed
on 6/22/2009

Case Name: Ferguson v. The United States District Court et al
Case Number: 1:09-cv-70
https://ecf.mtd.uscourts.gov/cgi-bin/DktRpt.pl?36335

Filer:

Document Number: 3
Copy the URL address from the line below into the location bar of your Web
browser to view the document: Document:
https://ecf.mtd.uscourts.gov/doc1/1110646913?magic_num=MAGIC&de_seq_num=15&
caseid=36335


Docket Text:
FINDINGS AND RECOMMENDATIONS re [1] Complaint, filed by Donald Keith
Ferguson.
Fergusons Complaint should be DISMISSED. Objections to F&R due by
7/10/2009.
Signed by Magistrate Carolyn S Ostby on 6/22/2009. Copy mailed to Ferguson.

(TAG, )
1:09-cv-70 Notice has been electronically mailed to:


1:09-cv-70 Notice has been delivered by other means to:
Donald Keith Ferguson
292 Lower River Rd.
Fromberg, MT 59029


The following document(s) are associated with this transaction:
Document description: Main Document
Original filename: n/a
Electronic document Stamp:
[STAMP dcecfStamp_ID=1105468959 [Date=6/22/2009] [FileNumber=597231-0]
[5038857aaa95c7ac1b2ee51c71151d6559dd9c307e9960150c147b8e63bf8cd9752bb71d04
b0d50cae94cdfe47d8c2d1a81a55758b8e4a6ab11056a07a1dd0de]]

Exhibit B

# United States District Court
## DISTRICT OF MONTANA, BILLINGS DIVISION

RECEIVED AUG 26 2008 USMS Billings

UNITED STATES OF AMERICA
vs.
DONALD KEITH FERGUSON
292 LOWER RIVER ROAD
FROMBERG, MT 59029

**SUMMONS IN A CRIMINAL CASE**

Case Number: CR-08-107-BLG-JDS

YOU ARE HEREBY SUMMONED to appear before the United States District Court at the place, date and time set forth below.

| PLACE: | U.S. DISTRICT COURT<br>U.S. COURTHOUSE, COURTROOM III<br>316 NORTH 26TH STREET<br>BILLINGS, MT 59101 | DATE:<br>SEPTEMBER 16, 2008 |
|---|---|---|
| BEFORE: | HONORABLE CAROLYN S. OSTBY<br>UNITED STATES MAGISTRATE JUDGE | TIME:<br>2:00 P.M. |

To answer the INDICTMENT charging you with a violation of Title 18 United States Code, Sections 152(1) & 1503 and Title 26 United States Code, Sections 7212(a) & 7201.

Brief description of offense: BANKRUPTCY FRAUD, OBSTRUCTION OF A BANKRUPTCY COURT PROCEEDING, INTERFERENCE WITH INTERNAL REVENUE LAWS AND ATTEMPT TO EVADE OR DEFEAT TAX.

CERTIFIED COPY OF CHARGING DOCUMENT ATTACHED.
Assigned to: RYAN ARCHER

_[signature]_
Signature of Issuing Officer

H. MCLEAN, DEPUTY CLERK
Name and Title of Issuing Officer

Date: 8/26/2008

| RETURN | |
|---|---|
| THIS SUMMONS WAS SERVED ON THE ABOVE-NAMED DEFENDANT AT: | |
| DATE OF SERVICE: | *Dwight MacKay* |
| RETURNED ON: | **UNITED STATES MARSHAL** |
| BY:                                     DEPUTY U.S. MARSHAL | |

_Donald Keith Ferguson_
_June 26th, 2009_
_Authorized Signature_

Case 1:09-cv-00070-RFC-CSO   Document 4-1   Filed 08/21/2008   Page 1 of 5
Case 1:09-cv-00070-RFC-CSO   Document 1   Filed 06/26/09   Page 13 of 18
Case 1:08-cr-00107-JDS *SEALED*

RYAN M. ARCHER
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 1478
Billings, MT 59103
2929 Third Ave. North, Suite 400
Billings, MT 59101
Phone: (406) 657-6101
FAX: (406) 657-6989
Email: Ryan.Archer@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

FILED
BILLINGS DIV.

2008 AUG 21 AM 11 06

PATRICK E. DUFFY, CLERK
BY T. Dewitt
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

## BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> DONALD KEITH FERGUSON, <br><br> Defendant. | CR 08- 107 -BLG- JDS <br><br> **INDICTMENT** <br><br> BANKRUPTCY FRAUD <br> Title 18 U.S.C. § 152(1) (Count I) <br> (Penalty: Five years imprisonment, $250,000 fine, and three years supervised release) <br><br> OBSTRUCTION OF A BANKRUPTCY COURT PROCEEDING <br> Title 18 U.S.C. § 1503 (Count II) <br> (Penalty: Ten years imprisonment, $250,000 fine, and three years supervised release) <br><br> INTERFERENCE WITH INTERNAL REVENUE LAWS <br> 26 U.S.C. § 7212(a) (Count III) <br> (Penalty: Three years imprisonment, $5,000 fine, and one year supervised release) |

|  | **ATTEMPT TO EVADE OR DEFEAT TAX**<br>**26 U.S.C. § 7201 (Count IV)**<br>**(Penalty: Five years imprisonment, $100,000 fine, and three years supervised release)** |
|---|---|

THE GRAND JURY CHARGES:

COUNT I

That on or between March 15, 2004, and March 7, 2005, at Billings, in the State and District of Montana, the defendant, DONALD KEITH FERGUSON, did knowingly and fraudulently conceal from the United States Trustee, property belonging to the estate of the debtor, to wit: between March 15, 2004, and March 7, 2005, the defendant, DONALD KEITH FERGUSON, knowingly and fraudulently concealed from the United States Bankruptcy Court Trustee, in Bankruptcy Case # 04-60669-7, that the defendant held a checking account in the name of Contemporary Builders, account number XXX0686, and a checking account in the name of Time In The Garden, account number XXX8054, in violation of 18 U.S.C. § 152(1).

COUNT II

On or between March 15, 2004, and March 2006, at Billings, in the State and District of Montana, the defendant, DONALD KEITH FERGUSON, did corruptly endeavor to influence, obstruct, and impede the due administration of justice in *In re Donald Keith Ferguson and Deb Rae Ferguson*, Bankruptcy Case # 04-60669-7 and *United States Trustee v. Donald Keith Ferguson and Deb Rae Ferguson*, Adversary No. 05-00007, in the United States Bankruptcy Court For The District of Montana, by making misleading statements, omitting material facts, and generally frustrating the bankruptcy proceedings, including representing that defendant had a secured lien

2

against himself in the amount of $100,000,000,000, providing evasive and inaccurate accounts of his income, omitting bank accounts, not fully disclosing all of his real property, refusing to accept court orders, and generally making frivolous filings, in violation of 18 U.S.C. § 1503.

## COUNT III

On or between August 23, 2002, and January 8, 2003, in the State and District of Montana, the defendant, DONALD KEITH FERGUSON, did corruptly endeavor to obstruct and impede the due administration of the internal revenue laws by sending checks drawn on a closed account for the purported payment of assessed tax obligations, and thereafter submitted frivolous correspondence and demands, in violation of 26 U.S.C. § 7212(a).

## COUNT IV

That on or between August 23, 2002, and March 15, 2004, at Billings, and elsewhere in the State and District of Montana, the defendant, DONALD KEITH FERGUSON, did willfully attempt to evade and defeat the payment of a large part of the income tax due and owing by him to the United States of America for the tax years 1998-2000, in the amount of $80,028, by sending checks drawn on a closed account for the purported payment of assessed tax obligations, and failing to list the IRS as a creditor in his bankruptcy petition filed on March 15, 2004, in violation of 26 U.S.C. § 7201.

3

A TRUE BILL

_____
FOREPERSON

_____
WILLIAM W. MERCER
United States Attorney
Attorney for Plaintiff

_____
CARL E. ROSTAD
Criminal Chief Assistant U.S. Attorney
Attorney for Plaintiff

Crim. Summons ✓
Warrant: _____
Bail: _____

Return 9/16/08 @ 2:00 p.m.
before Mag. Ostby



UNITED STATES OF AMERICA } ss.
DISTRICT OF MONTANA

I, PATRICK E. DUFFY, Clerk of the United States District Court for the District of Montana, hereby certify that the above and foregoing is a true copy of the original now on file in my office

Dated the ___ day of _____ 20__
PATRICK E. DUFFY, Clerk
By _____ Deputy

Donald _____
June 26th 2009
Authorized signature

COURT OF RECORD. To be a court of record a court must have four characteristics, and may have a fifth. They are:

>A. A judicial tribunal having attributes and exercising functions independently of the person of the magistrate designated generally to hold it [Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689][Black's Law Dictionary, 4th Ed., 425, 426]
>
>B. Proceeding according to the course of common law [Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689][Black's Law Dictionary, 4th Ed., 425, 426]
>
>C. Its acts and judicial proceedings are enrolled, or recorded, for a perpetual memory and testimony. [3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231]
>
>D. Has power to fine or imprison for contempt. [3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231.][Black's Law Dictionary, 4th Ed., 425, 426]
>
>E. Generally possesses a seal. [3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231.][Black's Law Dictionary, 4th Ed., 425, 426]

TITLE 28 – JUDICIARY AND JUDICIAL PROCEDURE
    PART VI – PARTICULAR PROCEEDINGS
CHAPTER 176 – FEDERAL DEBT COLLECTION PROCEDURE
    SUBCHAPTER A – DEFINITIONS AND GENERAL PROVISIONS

Sec. 3003. Rules of construction
    (c) Effect on Other Laws. – The chapter shall not be construed to supersede or modify the operation of ….
    (6) the common law or statutory rights to set-off or recoupment;